**PORTLAND MAIN OFFICE**
1000 SW Third Avenue, Suite 600
Portland, Oregon 97204
(503) 727-1000
*www.usdoj.gov/usao/or*

Craig J. Gabriel
Assistant U.S. Attorney
Craig.Gabriel@usdoj.gov
(503) 727-1000
*Reply to Portland Office*

**U.S. DEPARTMENT OF JUSTICE**
United States Attorney's Office
District of Oregon
Billy J. Williams, United States Attorney

**EUGENE BRANCH**
405 E 8th Avenue, Suite 2400
Eugene, Oregon 97401
(541) 465-6771

**MEDFORD BRANCH**
310 West Sixth Street
Medford, Oregon 97501
(541) 776-3564

May 6, 2020

Francesca Freccero
Assistant Federal Public Defender
1001 SW Main Street, Suite 1700
Portland, Oregon

Re: *United States v. Joseph Lucio Jimenez*;
Case Nos. 3:19-CR-00429-SI-1 and 3:19-CR-00596-SI-2;
Plea Agreement Letter

Dear Ms. Freccero:

1. **Parties/Scope**: This plea agreement is between this United States Attorney's Office (USAO) and defendant, and thus does not bind any other federal, state, or local prosecuting, administrative, or regulatory authority. This agreement does not apply to any charges other than those specifically mentioned herein.

2. **Charges**: Defendant agrees to plead guilty to Count One of the Indictment in 3:19-CR-00429-SI-1, which charges the offense of Felon in Possession of a Firearm, in violation of 18 U.S.C. § 922(g)(1). Defendant also agrees to plead guilty to Count One of the Indictment in 3:19-CR-00596-SI-2, which charges the offense of Conspiracy to Distribute Controlled Substances, in violation of 21 U.S.C. §§ 841(a)(1), 841 (b)(1)(C), and 846.

3. **Penalties**: The maximum sentence on Count One of the Indictment in 3:19-CR-00429-SI-1 (Felon in Possession of a Firearm) is 10 years of imprisonment, three years of supervised release, a fine of $250,000, and a $100 fee assessment. The maximum sentence on Count One of the Indictment in 3:19-CR-00596-SI-2 (Conspiracy to Distribute Controlled Substances) is 20 years of imprisonment, three years of supervised release, a fine of $1,000,000 (or twice the gross pecuniary gains or losses resulting from the offense if such amount exceeds $250,000), and a $100 fee assessment. Defendant agrees to pay the fee assessments by the time of entry of guilty plea or explain to the Court why this cannot be done. Defendant further stipulates to the forfeiture and abandonment of the assets as set forth below.

4. **Dismissal/No Prosecution**: The USAO will move at the time of sentencing to dismiss any remaining counts against defendant. The USAO further agrees not to bring additional charges against defendant in the District of Oregon arising out of this investigation, known to the USAO at the time of this agreement.

5. **Elements and Factual Basis**:

**a. Felon in Possession of a Firearm:**

In order for defendant to be found guilty of Count One of the Indictment in 3:19-CR-00429-SI-1, the government must prove the following elements beyond a reasonable doubt:

First, defendant knowingly possessed a firearm;

Second, at the time of the charged act, defendant had previously been convicted in a court of a crime punishable by imprisonment for a term exceeding one year;

Third, at the time of the charged act, defendant knew that he had previously been convicted in a court of a crime punishable by imprisonment for a term exceeding one year; and

Fourth, the firearm had been transported in interstate or foreign commerce.

Defendant admits the elements of the offense alleged in Count One of the Indictment in 3:19-CR-00429-SI-1.

**b. Conspiracy to Distribute Controlled Substances**

In order for defendant to be found guilty of Count One of the Indictment in 3:19-CR-00596-SI-2, the government must prove the following elements beyond a reasonable doubt:

First, defendant unlawfully, knowingly, and intentionally combined, conspired, confederated, and agreed with another;

Second, the object of the defendant's agreement with another was to distribute a mixture and substance containing a detectable amount of heroin, a Schedule I controlled substance.

Defendant admits the elements of the offense alleged in Count One of the Indictment in 3:19-CR-00596-SI-2.

6. **Sentencing Factors**: The parties agree that the Court must first determine the applicable advisory guideline range, then determine a reasonable sentence considering that range and the factors listed in 18 U.S.C. § 3553(a). Where the parties agree that sentencing factors apply, such agreement constitutes sufficient proof to satisfy the applicable evidentiary standard.

7. **Advisory Guideline Calculations**: The parties agree that pursuant to USSG § 2D1.1(c)(14), defendant's Base Offense Level is 14 (less than 10 grams of heroin). A two-level upward adjustment applies under USSG § 2D1.1(b)(4), because the object of the offense was to distribute a controlled substance into a prison. The parties agree that no other enhancements apply to the controlled substances offense. The parties further agree that, for purposes of this case, defendant's Base Offense Level for the firearms offense under USSG § 2K2.1(a)(6) is 14. The parties agree the guideline calculation for the controlled substances offense and the firearm offense group under USSG § 3D1.2, and that the controlled substances guideline range will control for purposes of calculating the overall advisory guideline range. Finally, the government will recommend a downward variance under 18 U.S.C. § 3553(a) sufficient to achieve an offense level that includes a sentencing recommendation of 24 months in prison.

8. **Acceptance of Responsibility**: Defendant must demonstrate to the Court that defendant fully admits and accepts responsibility under USSG § 3E1.1 for defendant's unlawful conduct in this case. If defendant does so, the USAO will recommend a three-level reduction in defendant's offense level (two levels if defendant's offense level is less than sixteen). The USAO reserves the right to change this recommendation if defendant, between plea and sentencing, commits any criminal offense, obstructs or attempts to obstruct justice as explained in USSG § 3C1.1, or acts inconsistently with acceptance of responsibility as explained in USSG § 3E1.1.

9. **"Safety Valve" Adjustment Does Not Apply**: The parties agree that defendant does not meet the criteria of 18 U.S.C. § 3553(f) and USSG § 5C1.2 for "safety valve" relief. The parties therefore will not recommend a two-level reduction in offense level pursuant to USSG § 2D1.1(b)(18).

10. **No Enhancement**: The USAO agrees not to file for a sentencing enhancement under 21 U.S.C. § 851 if defendant has any prior felony drug convictions.

11. **Sentencing Recommendation**: So long as defendant demonstrates an acceptance of responsibility as explained above, the USAO will recommend a sentence of 24 months in prison to be followed by a three-year term of supervised release. The defendant may recommend any sentence he deems appropriate, including a sentence of time-served.

/ / / /

12. **Waiver of Appeal/Post-Conviction Relief**: Defendant knowingly and voluntarily waives the right to appeal from any aspect of the conviction and sentence on any grounds, except for a claim that: (1) the sentence imposed exceeds the statutory maximum, or (2) the Court arrives at an advisory sentencing guideline range by applying an upward departure under the provisions of Guidelines Chapters 4 or 5K, or (3) the Court exercises its discretion under 18 U.S.C. § 3553(a) to impose a sentence which exceeds the advisory guideline sentencing range as determined by the Court. Should defendant seek an appeal, despite this waiver, the USAO may take any position on any issue on appeal. Defendant also waives the right to file any collateral attack, including a motion under 28 U.S.C. § 2255, challenging any aspect of the conviction or sentence on any grounds, except on grounds of ineffective assistance of counsel, and except as provided in Fed. R. Crim. P. 33 and 18 U.S.C. § 3582(c)(2). In the event that any of defendant's convictions under this agreement are vacated, the government may reinstate and/or file any other charges, and may take any position at a resentencing hearing, notwithstanding any other provision in this agreement.

13. **Court Not Bound**: The Court is not bound by the recommendations of the parties or of the presentence report (PSR) writer. Because this agreement is made under Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure, defendant may not withdraw any guilty plea or rescind this plea agreement if the Court does not follow the agreements or recommendations of the parties.

14. **Full Disclosure/Reservation of Rights**: The USAO will fully inform the PSR writer and the Court of the facts and law related to defendant's case. Except as set forth in this agreement, the parties reserve all other rights to make sentencing recommendations and to respond to motions and arguments by the opposition.

15. **Breach of Plea Agreement**: If defendant breaches the terms of this agreement, or commits any new criminal offenses between signing this agreement and sentencing, the USAO is relieved of its obligations under this agreement, but defendant may not withdraw any guilty plea.

If defendant believes that the government has breached the plea agreement, defendant must raise any such claim before the district court, either prior to or at sentencing. If defendant fails to raise a breach claim in district court, defendant has waived any such claim and is precluded from raising a breach claim for the first time on appeal.

16. **Forfeiture Terms**:

A. **Assets and Authority**: By signing this agreement, defendant knowingly and voluntarily forfeits all right, title, and interest in and to all assets which are subject to forfeiture pursuant to 18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c), including, but not limited to any

property listed in an Amended Bill of Particulars filed in this case, as any property constituting, or derived from, any proceeds obtained, directly or indirectly, as a result of violations set forth in Count One in 3:19-CR-00429-SI-1, any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of said violations.

B. **Agreement to Civil Forfeiture**: Defendant agrees not to file a claim or withdraw any claim already filed to any of the listed property in any civil proceeding, administrative or judicial, which has been initiated. Defendant further waives the right to notice of any forfeiture proceeding involving this property and agrees not to assist others in filing a claim in any forfeiture proceeding.

C. **No Alteration or Satisfaction**: Defendant knowingly and voluntarily waives the right to a jury trial on the forfeiture of assets. Defendant knowingly and voluntarily waives all constitutional, legal and equitable defenses to the forfeiture of these assets, including any claim or defense under the Eighth Amendment to the United States Constitution, and any rights under Rule 32.2 of the Federal Rules of Criminal Procedure. Defendant further agrees forfeiture of defendant's assets shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty this Court may impose upon defendant in addition to forfeiture.

D. **Title Assistance**: Defendant agrees to fully assist the USAO in the forfeiture of the listed assets and to take whatever steps are necessary to pass clear title to the United States, including but not limited to surrender of title and execution of any documents necessary to transfer defendant's interest in any of the above property to the United States, and assist in bringing any assets located outside the United States within the jurisdiction of the United States, and taking whatever steps are necessary to ensure that assets subject to forfeiture are not sold, disbursed, wasted, hidden, or otherwise made unavailable for forfeiture.

E. **Assets Not Identified**: The USAO reserves its right to proceed against any remaining assets not identified either in this agreement or in the civil actions which are being resolved along with this plea of guilty, including any property in which defendant has any interest or control, if said assets, real or personal, tangible or intangible, are subject to forfeiture.

F. **Final Order of Forfeiture**: Defendant agrees not to contest entry of a Final Order of Forfeiture reflecting these forfeiture terms at the conclusion of the criminal case.

G. **Abandonment of Firearms/Property**: By signing this agreement, defendant hereby voluntarily abandons all right, title, and interest to any firearms, ammunition and firearm accessories seized from defendant.

17. **Memorialization of Agreement**: No promises, agreements, or conditions other than those set forth in this agreement will be effective unless memorialized in writing and signed by all parties listed below or confirmed on the record before the Court. If defendant accepts this offer, please sign and attach the original of this letter to the Petition to Enter Plea.

18. **Deadline**: This plea offer expires if not accepted by May 13, 2020, at 9:00 a.m.

Sincerely,

BILLY J. WILLIAMS
United States Attorney

*/s/ Craig Gabriel*

CRAIG GABRIEL
SCOTT BRADFORD
TOM RATCLIFFE
Assistant United States Attorneys

I have carefully reviewed every part of this agreement with my attorney. I understand and voluntarily agree to its terms. I expressly waive my rights to appeal as outlined in this agreement. I wish to plead guilty because, in fact, I am guilty.

5/6/2020
Date

*/s/ Joseph Lucio Jimenez*
JOSEPH LUCIO JIMENEZ
Defendant

I represent the defendant as legal counsel. I have carefully reviewed every part of this agreement with defendant. To my knowledge, defendant's decisions to make this agreement and to plead guilty are informed and voluntary ones.

The electronic signatures on this document were inserted by me with the consent of those who are parties to this agreement.

5/6/2020
Date

*/s/ Francesca Freccero*
FRANCESCA FRECCERO
Attorney for Defendant