**Francesca Freccero, OSB #96287**
**Office of the Federal Public Defender**
**101 S.W. Main Street, Suite 1700**
**Portland, Oregon 97204**
**(503) 326-2123 Telephone**
**(503) 326-5524 Facsimile**
**francesca_freccero@fd.org**

**Attorney for Defendant**

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | **Nos. 3:19-cr-00596-SI-2** |
| | **3:19-cr-00429-SI-1** |
| **Plaintiff,** | |
| **v.** | **SENTENCING MEMORANDUM** |
| **JOSEPH LUCIO JIMENEZ,** | |
| **Defendant.** | |

Joseph Lucio Jimenez, defendant in the above-entitled cases, through counsel, Francesca Freccero, submits this Memorandum regarding Sentencing.  Mr. Jimenez respectfully will ask this Court to sentence him to "time served," followed by a three-year term of supervised release in 19-CR-596 only.  As a condition of that supervised release, Mr. Jimenez will ask you to order him to attend and complete an inpatient drug-treatment

**Page 1 – SENTENCING MEMORANDUM**

program, and to remain in the custody of the U.S. Marshal until an available

opportunity in such a program is identified by the U.S. Probation Office.

In this Memorandum, Mr. Jimenez addresses his objection to the

Guidelines calculation in the Presentence Report.  Specifically, Mr. Jimenez

objects to the multiple count adjustment in paragraphs 50, 62, and 64, and

the addition of two levels pursuant to USSG § 3D1.4.  For the reasons stated

in the objection letter attached to the PSR and as further discussed below,

that adjustment does not apply in this case.  Should this Court sustain our

objection, then the Offense Level will be 14 and the acceptance of

responsibility reduction only 2 levels, for a Total Offense Level of 12, not 13

as currently reported.  At Level 12, Category VI, Mr. Jimenez's Guideline

range is 30-37 months, not 33-41.

Mr. Jimenez objected to the application of the multicount adjustment in

his letter to the U.S. Probation Office that is attached as an addendum to the

PSR.  Nevertheless, the Probation Office believes the adjustment is

appropriately included, because it believes that the two counts of conviction

do not "measure similar aggregate harms, and are not of the same general

type," as required by USSG § 3D1.2 (d).

Mr. Jimenez concedes that it is difficult to determine what the

Guideline means when it describes crimes that measure "similar aggregate

**Page 2 – SENTENCING MEMORANDUM**

harms." However, we do not have to guess, as the same Guideline specifically lists the guidelines that should be grouped under USSG § 3D1.2 (d). That list includes both guidelines involved in this sentencing, USSG §§ 2K2.1 and 2D1.1. Application Note 1 to § 3D1.2 further explains that "Counts are to be grouped together into a single Group if any one or more of the subsections provide for such grouping." In addition, as noted in the objection letter, Application Note 1 to USSG § 3D1.1 instructs that counts are grouped according to those rules whether they are in the same charging instrument or in different charging instruments for which sentences will be imposed in a consolidated proceeding (or at the same time). Based on all those instructions, it is clear that the multicount adjustment does not apply in this case. In cases involving drugs and guns, the counts always group together. As indicated in the plea agreement, the government agrees.

Mr. Jimenez otherwise does not object to the PSR.

Respectfully submitted on September 14, 2020.

*/s/ Francesca Freccero*
Francesca Freccero
Attorney for Defendant

**Page 3 – SENTENCING MEMORANDUM**